IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:13-CV-52-BO

| | |
|---|---|
| DONNA D. BRICKHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JACK CHARLES, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on three matters: (1) the motion (D.E. 3) by pro se defendant Jack Charles ("defendant") to amend the notice of removal he previously filed; (2) his motion (D.E. 6) to dismiss the case or, in the alternative, for summary judgment; and (3) the court-initiated inquiry into whether it has subject matter jurisdiction over the action. The motion to amend was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and the dismissal motion and inquiry into jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will allow the motion to amend, but recommend that the case, including the dismissal motion, be remanded for lack of subject matter jurisdiction.

## BACKGROUND

On 7 August 2013, defendant filed in this court a notice of removal, entitled "Petition for Removal of a State Civil Action" (D.E. 1), purporting to remove this action from the District Court of Currituck County, North Carolina. He alleges in this original notice that plaintiff is attempting to obtain a default judgment against him although he had not been properly served with process. He seeks to have a default hearing that had been scheduled stayed and to recover

$18,000 in punitive damages against plaintiff. The only document he submitted with the notice was a copy of the provision in the North Carolina long-arm statute relating to proof of service of process, N.C. Gen. Stat. § 1-75.4(j2) (D.E. 1-1). The following day, the Clerk's office sent defendant a letter (D.E. 2) notifying him that he was required to file the state court complaint and summons, and a federal court civil cover sheet and financial disclosure statement.

On 22 August 2013, defendant filed his motion to amend the notice of removal. He did not submit with it the documents the Clerk's office directed him to file. In the motion, he alleges that the state court clerk's office acted fraudulently and otherwise improperly by receiving documents from plaintiff without a proper certificate of service and asserts that he seeks an additional $75,000 in punitive damages. Defendant appeared to intend that the motion itself act as an amendment to the original notice of removal. He did not file a separate amended removal notice.

By order entered 16 October 2013 (D.E. 5 at 7-8), the court directed defendant to file, among other documents, an amended notice of removal, copies of all documents served on him in the state court case, a federal court civil cover sheet, and financial disclosure statement. In response, defendant did file an amended notice of removal (D.E. 9) and with it numerous filings from the state proceeding, along with the cover sheet and disclosure statement. In the meantime, he had filed his motion to dismiss.

## APPLICABLE LEGAL PRINCIPLES

Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. Removal jurisdiction exists only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). Two principal bases for the original jurisdiction of the federal district courts are, of

course, diversity of citizenship of the parties and the presence of a federal question. *See* 28 U.S.C. §§ 1331, 1332. For diversity jurisdiction to exist, the plaintiff and defendant must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). In addition, an action based on the court's diversity jurisdiction is not removable if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *accord, e.g., Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008) ("[I]n a diversity case, a defendant cannot remove a case from its home forum . . . .").

Under 28 U.S.C. § 1446, to remove a case, the defendant must file a notice of removal in the district court within 30 days after receipt of the complaint. *See* 28 U.S.C. § 1446(b). The notice must contain "a short and plain statement of the grounds for removal," including the grounds upon which the district court purportedly has subject matter jurisdiction. *Id.* §1446(a); *see, e.g.*, *Covert v. Automotive Credit Corp.*, Civ. No. JKB–13–1928, — F. Supp. 2d —, 2013 WL 5104862, at *2 (D. Md. 12 Sept. 2013). Where, as here, the removing party is proceeding without counsel, the notice should be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 95 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.,* 521 Fed. Appx. 278, 290-91 (4th Cir. 2013) (noting that liberal construction rule afforded *pro se* filings is "not without bounds.") (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985)). The notice must be accompanied by a copy of "all process, pleadings, and orders" served on the remanding defendant in the state court action. 28 U.S.C. § 1446(a).

A defendant may amend a notice of removal after the 30-day period for removal has expired to correct facts underlying jurisdictional allegations. *Hooks v. Am. Med. Sec. Life Ins.*

*Co.*, No. 3:06-CV-00071, 2006 WL 2504903, at *3 (W.D.N.C. 29 Aug. 2006) (citing *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 382 (E.D. Va.1998)); *see also* 28 U.S.C. § 1653 (permitting amendment of jurisdictional allegations). But "the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal, and that amendments to remedy a substantive defect in the [removal] petition, i.e., to add a new basis for federal jurisdiction, are not permitted." *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000) (collecting cases) (internal quotation marks omitted) (quoted in *Davis v. Life Investors Ins. Co. of Am., Inc.,* 214 F. Supp. 2d 691, 693-94 (S.D. Miss. 2002); *accord* 14C Charles A. Wright et al., *Federal Practice and Procedure* § 3733 at 651-59 & 655 n.19 (4th ed. 2009).

A case that is improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the court must remand the case, and it may do so on its own motion. *Id.*; *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). A district court may not remand a case based on a procedural defect "absent a motion to do so from a party." *Ellenburg*, 519 F.3d at 198-99 (holding that district court improperly remanded case on its own motion based on the finding that the allegations regarding diversity jurisdiction in the removal notice did not meet the pleading standard deemed applicable, as opposed to a finding on the ultimate issue that the court lacked subject matter jurisdiction); *see also Martin Groff Constr. Co. v. Betskoff*, 434 Fed. Appx. 266, 266 (4th Cir. 2011) (vacating judgment of district court where *sua sponte* order was entered finding removal untimely). Removability is

4

Case 2:13-cv-00052-BO   Document 11   Filed 11/06/13   Page 4 of 7

determined as of the time of removal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) ("Diversity must be established at the time of removal."); *Turner v. Toys R Us, Inc.*, No. 3:12-7245, 2013 WL 5574779, at *2 (S.D. W. Va. 9 Oct. 2013) ("The amount in controversy is determined at the time of removal, not as increased or decreased by later events."); *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D. W. Va. 2011) ("[I]f there is no *ad damnum* clause [in the complaint] with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.").

The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Howard v. Food Lion, Inc*., 232 F. Supp. 2d 585, 592 (M.D.N.C. 2002) ("Statutory provisions permitting removal must be strictly applied, and federal jurisdiction over such claims should not spill beyond these statutory boundaries."). The removing party, as the one invoking removal jurisdiction, has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

5

### ORDER ON DEFENDANT'S MOTION TO AMEND

In its discretion and for good cause shown, the court ALLOWS defendant's motion to amend his notice of removal. The court will treat the current version of the removal notice in this case as comprising collectively the information in the original removal notice, the motion to amend, and the amended removal notice, including any attachments to these documents.

### MEMORANDUM AND RECOMMENDATION ON JURISDICTION AND DEFENDANT'S MOTION TO DIMISS

As discussed in the court's 16 October 2013 order, defendant's motion to amend appears to indicate that he is relying on diversity of citizenship under 28 U.S.C. § 1332(a)(1) as the basis for the court's subject matter jurisdiction. (*See* 16 Oct. 2013 Order 5-6; Mot. to Amend 3 ("[T]his present case is diversity in it's [sic] jurisdiction . . . ."). Defendant's latest filings clearly indicate that to be true. He cites to § 1332(a)(1) and then alleges that plaintiff resides in North Carolina and defendant in Maryland. (Am. Removal Notice 1).

No less clearly, however, the documents defendant filed from the state case show that the amount in controversy requirement for diversity jurisdiction is not met. The state case is a child custody proceeding in which plaintiff seeks an order directing defendant "to pay his percentage of minor children[']s medical/dental bills in the amount of $917.27."[1] (Mot. to Show Cause (D.E. 9-1) 4). Although defendant contends that he seeks punitive damages exceeding the jurisdictional amount (*see* Mot. to Amend 3; Orig'l Removal Notice 3), the record does not show

---

[1] Given its determination on jurisdictional amount, the court declines to address whether jurisdiction may also be barred under the domestic relations exception to diversity jurisdiction, *see generally Ankenbrandt v. Richards*, 504 U.S. 689 (1992), or on other grounds.

that defendant ever asserted a claim for such damages in the state case.[2] (Nor, for that matter, has he actually pled any such claim in this court since removal.)

The court concludes that it lacks subject matter jurisdiction over this case and that the case should be remanded. Given this determination, the court does not reach defendant's dismissal motion, which should be resolved by the state court. IT IS THEREFORE RECOMMENDED that that this case, including defendant's dismissal motion, be REMANDED to the District Court of Currituck County, North Carolina, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## CONCLUSION

In sum, IT IS ORDERED that defendant's motion to amend (D.E. 3) is ALLOWED, and IT IS RECOMMENDED that this case, including defendant's motion to dismiss (D.E. 6), be REMANDED to state court.

This, the 6th day of November 2013.

_____
James E. Gates
United States Magistrate Judge

---

[2] The court expresses no opinion on whether, even if such a claim had been asserted, it would satisfy the jurisdictional amount requirement. *See generally* 14AA Charles A. Wright et al., *Federal Practice and Procedure* § 3702.5 (4th ed. 2009); *see also* N.C. Gen. Stat. § 1D-25(b) ("Punitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater.").