IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:13-CV-52-BO

| | |
|---|---|
| DONNA D. BRICKHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| | ) |
| JACK CHARLES, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates [DE 11]. For the following reasons, the Court ADOPTS the M&R. The matter is REMANDED to state court.

## BACKGROUND

On August 7, 2013, defendant filed in this Court a notice of removal [DE 1] purporting to remove this action from the District Court of Currituck County, North Carolina. The following day, the Clerk's office sent defendant a letter [DE 2] notifying him of additional documents he needed to file with his notice of removal. On August 22, 2013, defendant filed a motion to amend the notice of removal, but failed to submit it with the documents the Clerk's office directed him to file. By order entered October 16, 2013 [DE 5], the Court directed defendant to file, among other documents, an amended notice of removal, copies of all documents served on him in the state court case, a federal court civil cover sheet, and a financial disclosure statement. In response, defendant did file an amended notice of removal [DE 9] and with it numerous filings from the state proceeding, along with the cover sheet and disclosure statement. In the meantime, he filed a motion to dismiss [DE 6].

On November 6, 2013, Magistrate Judge Gates entered an order and M&R [DE 11] that allowed defendant's motion to amend, but recommended that the action be remanded for lack of subject matter jurisdiction. Magistrate Judge Gates found that the documents filed from the state case show that the amount in controversy requirement for diversity jurisdiction is not met. Plaintiff seeks an order directing defendant to pay his percentage of minor children's medical bills totaling $917.27. Although defendant contends that he is seeking punitive damages exceeding the jurisdictional amount, the record does not show that he ever asserted such a claim in the state case.

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of plain error. 28 U.S.C. ' 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). The defendant has filed what he labels an objection to the M&R [DE 13], however, it does very little in the way of actually objecting to anything in the M&R. Defendant restates his argument that he lives in a different state than the plaintiff. However, the Magistrate Judge accepted this claim and viewed the notice of removal as relying on diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant, however, did not address the amount in controversy requirement in his objections. Therefore, finding no clear error in the Magistrate Judge's decision, this Court adopts the M&R as it pertains to the lack of subject matter jurisdiction and remands the matter to state court.

Defendant also attempts to make an argument that this Court has subject matter jurisdiction because the cases raises a federal question. Even were this the right time to argue this

as a grounds for removal, the argument fails. To remove based on federal question jurisdiction, the federal question "must be an element, and an essential one of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Here, this dispute over a minor child's medical bills is clearly not a federal question. Although defendant argues that his Fourteenth Amendment Rights are being violated because he has not been served process in the state court case, it is not an issue in the case that defendant is attempting to remove and therefore this Court does not have federal question subject matter jurisdiction over the case.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations and REMANDS this matter to state court for lack of subject matter jurisdiction. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,

this ___ day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE